<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINDA SCLAFANI-TARONTOLA, | : : | |
| Plaintiff, | : : | Hon. John Michael Vazquez, U.S.D.J. |
| -vs- | : : : | Civil Action No. 15-6221 (JMV) |
| DISTRICT COUNCIL 711, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, | : : : : | |
| Defendant. | : : | |
| DISTRICT COUNCIL 711, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, | : : : : : | |
| Third-Party Plaintiff, | : : | <u>**MEMORANDUM OPINION**</u> |
| -vs- | : : | |
| DARWIN NATIONAL ASSURANCE COMPANY, | : : : : | |
| Third-Party Defendant. | : : | |

**<u>FALK, U.S.M.J.</u>**

      Plaintiff, Linda Sclafani-Tarontola, alleges that District Council 711, International Union of Painters and Allied Traders, violated the Fair Labor Standards Act, the New Jersey Wage and Hour Law, and the New Jersey Conscientious Employee Protection Act ("CEPA") by failing to comply with the provisions of state and federal wage and hour law

and terminating her for complaining about it. District Council contends that Plaintiff was terminated due to a reduction in force necessitated by financial considerations. The District Council has Employment Practice Liability Coverage with Darwin National Assurance Company and sought coverage for the allegations stated in the Complaint. Darwin denied coverage, apparently for, among other reasons, an exception relating to the wage and hour claims. As a result, District Council sought and was granted leave to file a third-party complaint against Darwin alleging breach of an insurance contract and seeking a declaration of insurance coverage.

Presently before the Court is Darwin's motion to sever the declaratory action from the underlying employment case. [ECF No. 34.] District Council has opposed the motion. Plaintiff has not submitted any papers. The motion and its case management ramifications were informally discussed with the Undersigned during a conference on September 21, 2016. For the reasons stated below, the motion is **GRANTED**.

Federal Rule of Civil Procedure 21 grants the Court discretion to sever any claim at any time. Four factors are generally considered regarding severance: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separate issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if it is not granted. See, e.g., Beachfront North Condo. Assoc. v. Lexington Ins. Co., 2015 WL 3879665, at *1 (D.N.J. Jun. 24, 2015).

The first factor weighs in favor of severance. The issues in the underlying employment action and the declaratory action are different from each other. The operative complaint contains employment claims relating to the District's compliance with state and federal wage laws and Plaintiff's termination from the company. The third-party action involves an alleged breach of an insurance contract. There is no expansive overlap of issues—legal or factual—in the two cases. Darwin did not hire, pay

(or not pay) or fire the Plaintiff; and Plaintiff was not involved in the coverage decision, which is presumably based on the allegations of the Complaint and the language of the policy.

Factor two asks whether the issues in the two cases involve the testimony of different witnesses and different proofs. Here, Plaintiff's employment case will involve considerations and testimony relating to Defendant's compliance with the applicable wage laws and CEPA; Plaintiff and co-workers would likely be witnesses. Individuals at District Council 711 involved in Plaintiff's employment would also be witnesses. In contrast, in the insurance case, Plaintiff is not a witness. Indeed, Darwin represents that it would not seek Plaintiff's deposition—nor the deposition of her witnesses—in connection with that case. (Pl.'s Reply Br. 6.) Nor would the Court necessarily allow it.

District Council 711 might have to produce witnesses in both cases, but the subject matter would be different. In the employment case, the testimony would be about Plaintiff's employment and termination. In the insurance case, testimony would relate to securing the insurance policy, the language of the policy, and other issues relating to coverage. While District Council 711 may or may not produce the same individuals for deposition in connection with both cases, the topics of examination are not the same. In short, the cases are different and so is the likely testimony. The second factor weighs in favor of severance.

The third factor is whether the party opposing severance—here, District Council 711—would be prejudiced. It would not. Specifically, there is no duplication of discovery that will occur, as the claims and proofs are different. The District Council does not articulate any other prejudice that may occur nor does the Court discern any. Therefore, this factor supports severance.

The final factor is whether Darwin would be prejudiced if severance is denied. Perhaps there will be some incidental prejudice that would result from being forced to participate in discovery and court proceedings related to the underlying claim. While the Court does not view the "prejudice" to Darwin as substantial, it acknowledges some

incidental prejudice could result.  The final factor weighs slightly in favor of severance.

In sum, the Court finds that the relevant factors support severance and the motion [ECF No. 34] is **granted**.  In practice, severance decisions in declaratory actions like the one here can go "either way."  Insurance declaratory actions are often part of the underlying action and they often proceed separately.  Case law exists to support both views.  But, based on the record presented in this case, there is a sufficient distinction between the two cases, the witnesses, the proofs, as well as the possibility of incidental prejudice, such that the Court exercises its discretion to sever the claims.  If it became clear that there were reasons the claims should be considered together, the Court could easily consolidate the cases as part of its case management.  However, that is not the case now.

Plaintiff's motion for severance [ECF No. 34] is **GRANTED**.  The Clerk is requested to sever the third-party complaint in this matter [ECF No. 31] and docket it as a new complaint with a new docket number.[1]

Nothing in this Memorandum Opinion precludes the Court from exercising case management discretion to later consolidate or coordinate the two cases.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**DATED: October 7, 2016**

---

[1] The basis alleged for federal jurisdiction is diversity, as the parties are from different states and more than $75,000 is in dispute. (Third-Party Complaint, ¶ 1.)